**BULGRIN et al., Appellees,**

v.

**KRETTLER, Township Trustee, et al., Appellants.**

[Cite as *Bulgrin v. Krettler* (1989), 63 Ohio App.3d 753.]

Court of Appeals of Ohio,
Lorain County.

No. 88CA004472.

Decided Aug. 16, 1989.

*Kosma J. Glavas,* for appellees.

*Garrett J. Murray,* for appellants.

CACIOPPO, Presiding Judge.

The Columbia Township Zoning Inspector issued an occupancy permit to the Columbia Game Club. The permit allowed the Columbia Game Club to convert an agricultural building into a clubhouse. Eugene Bulgrin and Anthony Kristek ("residents") challenged this township action in the Court of Common Pleas.

The residents alleged that the Game Club's parcel had a zoning classification of R–2 (Residential) at the time the structure in question was first occupied. It was further alleged that the Columbia Township Trustees ("trustees") arbitrarily determined that the Township Zoning Map was in error and the game club's parcel was actually within the flood plain district.

The residents sought to have the trial court declare the trustees' action a violation of R.C. 121.22 because the action was not public. The residents allege that the "Sunshine law" required the trustees to act at a public meeting and allow public discussion. As a remedy, the residents prayed that the trial court declare null and void both the trustees' action and the issued occupancy permit.

The trial court found that the trustees took no formal action and therefore did not violate R.C. 121.22. The trial court also found that the Zoning Resolution of Columbia Township vested discretion in the zoning inspector to issue the occupancy permit. However, the trial court determined that a question of fact existed concerning whether the game club was in compliance with the zoning resolution.

The zoning inspector was directed to abate the game club's use of its structure as a recreation facility. The zoning inspector was to accept any information from the game club and re-issue the permit if the game club complies with zoning requirements.

The township appeals.

### Assignments of Error

"The errors complained of by the Defendants–Appellants are that:

"1. The Trial Court erred in failing to grant the Defendants–Appellants fifth defense that the Plaintiffs–Appellees failed to exhaust their administrative remedies pursuant to 519.15 ORC and 5.31(6) Columbia Township Zoning Resolution by not appealing to the Columbia Township Zoning Board of

Appeals from the issuance of the certificate of occupancy on July 7, 1987, by the Zoning Inspector pursuant to 519.16 Ohio Revised Code and Section 5.31 Columbia Township Zoning Resolution.

"2. The Trial Court erred in implementing Section 3.70 of the Zoning Resolution of Columbia Township to order the Zoning Inspector of Columbia Township '... to abate and terminate use of the structure as a recreational facility by certified mail letter to the Game Club.'

"3. The Trial Court erred in ordering the Zoning Inspector of Columbia Township to implement the administrative process under Section 3.52 and the administrative appeal process under Sections 3.52 and 5.31 of the Zoning Resolution of Columbia Township.

"4. If, in arguendo, the Trial Court did not err in the implementation of the administrative process under Sections 3.52 and 5.31 then the court erred in its application of Section 8.53 *Permitted Uses in FP District* and 8.534 *Exceptions to Permitted Uses in FP District* as it applied to the recreation facility of the Game Club."

The township presents four assignments of error, but addresses the issues in a single argument. The essence of the township's argument is that the trial court granted relief which was not requested and contrary to the zoning resolution.

Neither party on appeal argues that the game club parcel is not within the flood plain district. Assuming the flood plain district classification applies, one must look to the zoning resolution of Columbia Township as the authority concerning the issues raised.

The residents, appellees, support the trial court's decision in arguing that the Zoning Resolution of Columbia Township, Section 8.534 requires that any floor of a building or structure must be a minimum of three feet above the high water level in that area. The township contends that Section 8.534 does not apply to the game club's situation and the trial court erred in abating the use and terminating the occupancy permit.

The Zoning Resolution of Columbia Township, Section 8.50 establishes special districts. Section 8.51 establishes the flood plain district. Section 8.53 sets out the permitted uses in the flood plain district. Public and private park and recreation facilities are permitted uses. Section 8.53(2). Section 8.531 sets out the conditionally permitted uses in the flood plain district. Section 8.532 regulates signs, Section 8.533 regulates yard requirements for conditionally permitted uses, and Section 8.534 regulates exceptions to permitted uses in the flood plain district.

The township zoning inspector found, and no party argues against the fact, that the game club is a permitted use in the flood plain district. A permitted use is not a conditionally permitted use or an excepted use. Sections 8.531, 8.533 and 8.534 do not apply to permitted uses. Therefore, a permitted use is not subject to the minimum elevation requirement set forth in Section 8.534.

The trial court's decision to abate and terminate the game club's use of its structure pursuant to the Zoning Resolution of Columbia Township, Section 8.534 is reversed.

*Judgment reversed.*

QUILLIN and REECE, JJ., concur.